UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| JEFFREY JOHN BAXTER, | ) |
| Plaintiff | ) |
| v. | ) No. 2:13-cv-344-GZS |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | ) |
| Defendant | ) |

### REPORT AND RECOMMENDED DECISION[1]

This Social Security Disability ("SSD") and Supplemental Security Income ("SSI") appeal raises the question of whether the administrative law judge supportably found the plaintiff capable of performing work existing in significant numbers in the national economy. The plaintiff alleges that the administrative law judge's credibility determination and rejection of the opinion of treating source Christopher Jenner, FM-C, are unsupported by substantial evidence. *See* Itemized Statement of Errors Pursuant to Local Rule 16.3 Submitted by Plaintiff ("Statement of Errors") (ECF No. 10) at 2-8.[2] I find no error and, accordingly, recommend that the court affirm the decision.

---

[1] This action is properly brought under 42 U.S.C. §§ 405(g) and 1383(c)(3). The commissioner has admitted that the plaintiff has exhausted his administrative remedies. The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2), which requires the plaintiff to file an itemized statement of the specific errors upon which he seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office, and the commissioner to file a written opposition to the itemized statement. Oral argument was held before me on September 12, 2014, pursuant to Local Rule 16.3(a)(2)(D), requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority, and page references to the administrative record.

[2] The plaintiff also contends that the administrative law judge's residual functional capacity ("RFC") determination is unsupported by substantial evidence, but this third point is based on, and cumulative of, his first and second points. *See S*tatement of Errors at 8.

1

Pursuant to the commissioner's sequential evaluation process, 20 C.F.R. §§ 404.1520, 416.920; *Goodermote v. Secretary of Health & Human Servs.*, 690 F.2d 5, 6 (1st Cir. 1982), the administrative law judge found, in relevant part, that the plaintiff met the insured status requirements of the Social Security Act through December 31, 2012, Finding 1, Record at 11; that he had a severe impairment of multilevel degenerative disc disease, Finding 3, *id.*; that he retained the RFC to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b), except that he could not climb ladders, ropes, or scaffolds, could only occasionally balance, stoop, crouch, kneel, crawl, and climb ramps and stairs, and needed to avoid uneven terrain and unprotected heights, Finding 5, *id.* at 12; that, considering his age (48 years old, defined as a younger individual, on his alleged disability onset date, July 5, 2009, and subsequently turning 50, defined as closely approaching advanced age), education (at least high school), work experience (transferability of skills immaterial), and RFC, there were jobs existing in significant numbers in the national economy that he could perform, Findings 7-10, *id.* at 14-15; and that he, therefore, was not disabled from July 5, 2009, through the date of the decision, August 7, 2012, Finding 11, *id.* at 16. The Appeals Council declined to review the decision, *id.* at 1-3, making the decision the final determination of the commissioner, 20 C.F.R. §§ 404.981, 416.1481; *Dupuis v. Secretary of Health & Human Servs.*, 869 F.2d 622, 623 (1st Cir. 1989).

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence. 42 U.S.C. §§ 405(g), 1383(c)(3); *Manso-Pizarro v. Secretary of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996). In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support the conclusion drawn. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Secretary of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

The administrative law judge reached Step 5 of the sequential evaluation process, at which stage the burden of proof shifts to the commissioner to show that a claimant can perform work other than his past relevant work. 20 C.F.R. §§ 404.1520(g), 416.920(g); *Bowen*, 482 U.S. at 146 n.5; *Goodermote*, 690 F.2d at 7. The record must contain substantial evidence in support of the commissioner's findings regarding the plaintiff's RFC to perform such other work. *Rosado v. Secretary of Health & Human Servs.*, 807 F.2d 292, 294 (1st Cir. 1986).

## I. Discussion

### A. Credibility Determination

The administrative law judge found that the plaintiff's impairments reasonably could be expected to produce his alleged symptoms, but that his statements regarding those symptoms were not credible to the extent inconsistent with the determined RFC, explaining:

> X-rays from 2009 revealed degenerative disc disease of the lumbosacral spine. The [plaintiff] was also diagnosed with pancreatic cancer the same year. The [plaintiff] elicited a positive straight leg raise testing on the left and painful range of motion. In March 2011, an MRI revealed degenerative narrowing of the lumbosacral, cervical, and thoracic spine. However, the [plaintiff] was able to walk independently and had negative straight leg raise testing. He was under no acute distress, and exhibited full grip strength, and movement of the extremities. In June 2011, [he] demonstrated full range of motion of the extremities and was deemed not to be a candidate for surgery. In December 2011, [he] reported doing generally well.
>
> In summary, the medical records are brief and highly duplicative. The lack of treatment on behalf of the [plaintiff] indicates that his allegations are overstated. A light residual functional capacity with postural and environmental restrictions adequately account[s] for the [plaintiff's] demonstrated back pain. According to the record, the [plaintiff's] back pain appeared to improve with medication and treatment in 2011.
>
> The [plaintiff's] reported activities of daily living also diminish the credibility of his allegations. In his function report, [he] stated that he is still able to maintain his personal care, prepare meals, do the dishes, sweep the floor, leave the house daily, drive a car, go shopping in stores, walk, watch television, and visit others. At the hearing, [he] testified that he is able to clean his camper and carry jugs of water to

3

and from his home. These activities of daily living are directly contradictory to [his] allegation that he is unable to work.

Record at 13 (citations omitted).

The plaintiff argues that this assessment is one-sided, selective, and inaccurate. *See* Statement of Errors at 2.

### 1. Medical Evidence

With respect to the medical evidence, he contends that the administrative law judge barely mentioned objective evidence in the form of cervical, lumbar, and thoracic MRI findings in March 2011, showing significant degenerative change rather than "improvement," and ignored a March 29, 2011, mention by a neurology consultant, Reena Nutakki, FNP, of "severe back pain" and her findings that the plaintiff could not heel-toe walk due to back pain and was not a surgical candidate, as well as a notation the same day by treating primary care practitioner Jenner of "severe back and neck pain" felt to be "essentially debilitating subjectively." Statement of Errors at 3 (quoting Record at 336, 348). He adds that the reference in the March 29, 2011, neurology note to an "independent gait" simply meant that he was not using an assistive device, and his statement in December 2011 that he was doing generally well was made in the context of a urology examination relating to his prostate cancer and had nothing to do with his back. *See id.* at 4.

Nonetheless, as the commissioner observes, *see* Defendant's Opposition to Plaintiff's Statement of Errors ("Opposition") (ECF No. 12) at 4, the record reveals that the plaintiff underwent only six objective examinations relating to his back pain in three years, in November 2009, October 2010, February 2011, March 2011, June 2011, and December 2011, in addition to calling his providers to report a flare-up of back pain in August 2010, *see* Record at 257, 286-93, 243-51, 356-61, 336-39, 347-55, 503-12, 515-22.

In November 2009, when the plaintiff first reported increasing back pain, Jenner noted that he was able to walk, take care of his personal tasks, including dressing, and use transportation. *See id*. at 288. He found no limitation in the plaintiff's motion or activity and reported full strength and range of motion in all extremities. *See id*. at 289, 291. In October 2010, Jenner noted that, although the plaintiff complained of trouble getting out of bed and severe back pain, there was no change in his range of motion. *See id*. at 244, 247. On March 29, 2011, Nutakki found normal nerve, sensory, and motor function, a negative straight leg raise, and normal reflexes, although she noted that the plaintiff was unable to heel-toe walk and had a mildly wide-based gait and a fair tandem gait. *See id*. at 338-39. On examination the same day, Jenner found that the plaintiff was unable to heel-toe walk and exhibited some mild left extremity weakness and paresthesia. *See id*. at 348.

Even granting that the plaintiff's back pain seemingly did not "improve" from November 2009 to March 2011, the commissioner still reached a supportable conclusion that the objective medical evidence was inconsistent with the plaintiff's allegations of disabling pain. As the commissioner points out, *see* Opposition at 3, although the March 2011 MRI studies found abnormalities, and the plaintiff was unable to heel-toe walk as of that time and described his pain as severe, he was yet able to ambulate independently and retained relatively normal strength and functioning, *see* Record at 338-39, 348. In addition, the administrative law judge reasonably considered the plaintiff's relatively sparse treatment inconsistent with his allegations of disabling pain. *See, e.g., Nolan v. Astrue*, Civil No. 09-323-P-H, 2010 WL 2605699, at *7 (D. Me. June 24, 2010) (rec. dec., *aff'd* July 28, 2010) (listing, among three grounds on which administrative law judge properly discounted credibility of claimant's allegations, contemporaneous medical records

revealing little or no treatment prior to the claimant's date last insured for her allegedly disabling conditions).[3]

## 2. Activities of Daily Living

The plaintiff next contends that, in relying on his activities of daily living, the administrative law judge ignored the relatively low frequency with which he performed various activities, for example, cooking at least once a day for half an hour and washing dishes and sweeping the floor for one hour every other day, and his indications that he experienced pain when lifting, squatting, bending, standing, walking, sitting, and kneeling and that back pain sometimes prevented him from doing anything. *See* Statement of Errors at 4-5; Record at 194, 197. He adds that the administrative law judge overlooked his testimony that after standing for 15 to 20 minutes doing dishes he needed to sit in a chair and take it easy, and when, once a week, he filled and carried six one-gallon jugs, one at a time, for about 15 feet, he suffered back pain. *See* Statement of Errors at 5; Record at 34-35. He cites *Ormon v. Astrue*, 497 Fed. Appx. 81 (1st Cir. 2012), for the proposition that "there is a difference between a person's being able to engage in sporadic physical activities and . . . being able to work eight hours a day five consecutive days of the week." *Id*. at 5 (quoting *Ormon*, 497 Fed. Appx. at 87).

However, while a claimant's activities of daily living, standing alone, do not constitute substantial evidence of a capacity to undertake full-time remunerative employment, *see, e.g., Eaton v. Astrue,* Civil No. 07–188–B–W, 2008 WL 4849327, at *5 (D. Me. Nov. 6, 2008) (rec. dec., *aff'd* December 1, 2008), an administrative law judge properly may take such activities into

---

[3] At oral argument, the plaintiff's counsel contended that his client's treatment could not fairly be deemed sparse for several reasons, including that he was not a surgical candidate and that he received treatment from a U.S. Department of Veterans Affairs ("VA") facility, which has limited available resources. Nonetheless, the plaintiff's counsel pointed to no evidence of record that his client had difficulty obtaining treatment from the VA or that the VA had no treatment to offer apart from surgery for his client's allegedly debilitating back pain.

consideration in assessing the credibility of a claimant's allegations, *see, e.g., Nolan*, 2010 WL 2605699, at *7 n. 4. The administrative law judge supportably found the fact that the plaintiff engaged in these activities, even to the limited extent reported, inconsistent with his allegation of debilitating back pain.

In these circumstances, there is no basis on which to disturb the administrative law judge's credibility determination. *See, e.g., Frustaglia v. Secretary of Health & Human Servs.*, 829 F.2d 192, 195 (1st Cir. 1987) ("The credibility determination by the ALJ, who observed the claimant, evaluated his demeanor, and considered how that testimony fit in with the rest of the evidence, is entitled to deference, especially when supported by specific findings."); *Allen v. Astrue*, No. 2:10-cv-35-DBH, 2010 WL 5452123, at *2 (D. Me. Dec. 28, 2010) (rec. dec., *aff'd* Jan. 18, 2011) ("Even assuming *arguendo* that the administrative law judge erred in certain of the cited respects, her thorough and detailed credibility analysis remains supported by specific findings and, hence, entitled to deference.").

## B. Handling of Treating Source Opinion

The administrative law judge resolved a conflict in the medical opinion evidence of record as follows:

> Regarding the opinion evidence, little weight is given to Christopher Jenner, FM-C, who opined in May and June 2011 that the [plaintiff] could not complete an eight-hour workday and was disabled. This opinion is not entitled to controlling weight, as it was given by an unacceptable medical source. Further, it is unsupported by the objective record, which indicates that the [plaintiff] responded well to his cancer treatment and enjoyed an independent gait and improved mobility in 2011. Further, the issue of whether an individual is "disabled" or "unable to work" under the Social Security Act and Regulations is one that is exclusively reserved to the Commissioner (Social Security Ruling 96-5p).[4]

---

[4] Jenner found, *inter alia*, that the plaintiff could sit for three hours in an eight-hour workday and stand or walk for three hours in an eight-hour workday, could occasionally lift less than 10 pounds, rarely lift 10 pounds, and never lift more than 10 pounds, and was disabled and would continue to be disabled for the next 12 months. *See* Record at 372, 473-75.

7

> Dr. Richard T. Chamberlin, a state agency medical consultant, found that the [plaintiff] was capable of light work with occasional balancing, stooping, kneeling, crouching, and crawling, but no climbing of ladders, ropes, or scaffolds. According to Dr. Chamberlin, the [plaintiff] should avoid even moderate exposure to workplace hazards, including dangerous machinery and heights, and irregular or sloping work surfaces. This opinion is given significant weight, as the record indicates that the [plaintiff] had improved mobility in 2011.

Record at 14 (citations omitted).

The plaintiff asserts that, in rejecting the Jenner opinions, the administrative law judge erroneously relied on a finding of "improved mobility" that is unsupported by the medical evidence of record and a meaningless observation of "independent gait." Statement of Errors at 7. However, as the commissioner argues, the administrative law judge reasonably resolved conflicts in favor of adoption of the Chamberlin opinion given that, in November 2009, Jenner indicated that the plaintiff was able to perform his daily activities, experienced no limitation in motion or activity, and showed full strength and range of motion in all extremities, and in March 2011, Jenner and Nutakki recorded relatively normal findings on examination apart from mild left extremity weakness and paresthesia, a mildly wide-based gait and fair tandem gait, and an inability to heel-toe walk. *See* Opposition at 6; Record at 288-89, 291, 338-39.

As the commissioner argues, *see* Opposition at 7, in so doing, the administrative law judge fulfilled the requirement of Social Security Ruling 06-03p to explain the weight given to the opinion of a "non-acceptable medical source" to an extent sufficient to permit subsequent reviewers to follow his reasoning, *see, e.g., Saucier v. Astrue*, No. 2:10-cv-111-DBH, 2011 WL 1158256, at *5 (D. Me. Mar. 28, 2011) (rec. dec., *aff'd* Apr. 22, 2011) ("The administrative law judge met the requirements of SSR 06–03p with respect to the Ives opinion. He did not ignore it. He explained that he 'g[a]ve[ ] no weight' to the opinion, while acknowledging that it was 'entitled to consideration.' He provided an explanation sufficient to follow his reasoning, namely, that Ives'

8

assessment that the plaintiff's mental impairments caused a number of moderate to severe limitations on his ability to perform work-related functions was contradicted by the record as a whole, and that Ives had made no mention of the plaintiff's chronic substance abuse problems despite the fact that those problems were central to all other psychological reports in the file.") (citations omitted).

## II. Conclusion

For the foregoing reasons, I recommend that the decision of the commissioner be **AFFIRMED**.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 27th day of September, 2014.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge